659 So.2d 815 (1995)
Robert Leo CREEKMORE
v.
ELCO MAINTENANCE and United Parcel Service, Inc.
No. 94 CA 1571.
Court of Appeal of Louisiana, First Circuit.
June 30, 1995.
*816 J. Paul Demarest, New Orleans, for plaintiff-appellant, Robert Creekmore.
J. Steven Jarreau, Metairie, for defendant-appellee, United Parcel Service, Inc.
Anne Derbes Keller, New Orleans, for defendant-appellee, Elco Maintenance.
Before GONZALES, PARRO and REDMANN[1] JJ.
REDMANN, Judge Pro Tem.
Plaintiff, a carpenter and maintenance worker for defendant Elco Maintenance, appeals a decision denying him workers' compensation. He claims disability from an occupational disease within La.R.S. 23:1031.1, because he allegedly contracted histoplasmosis in March 1990 from exposure to bird droppings during an hour or more of clearing pigeon nests from the eaves of a building. The building belonged to United Parcel Service, Inc., a customer of Elco.
Giving deference to the hearing officer's function as trier of fact, and unable to say his decision was clearly wrong, we affirm. Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 5/22/95), 655 So.2d 309.
The hearing officer's reasons made reference to several matters of record, which we summarize as follows:
The heart-related aspect (pericardial effusion) of the employee's principal difficulty;
Testimony of a co-worker (whom the hearing officer apparently found credible) in contradiction to plaintiff's, regarding working near an excavation which plaintiff also submitted was a cause of his histoplasmosis;
The "very endemic" nature of histoplasmosis in this area, with the causative spores present in the soil and transmitted by the wind, making histoplasmosis a very common disease;
Plaintiff's pulmonologist's inability "to say for sure when he developed the disease," whether a year or four years before the expert saw plaintiff in January 1991, who then had a four-year cough history (although the expert "know[s] he had it" then);
The failure of the one biopsy (from plaintiff's lung) to grow a culture, and the expert's being unaware of any positive indication of the fungus;
The existence of causes other than histoplasmosis for pericardial effusion, and for granuloma diseases;
Plaintiff's second pulmonologist's evidence that histoplasmosis is "caught from an airborne means ... a fairly common bug.... You could see it ... with people that worked in chicken coops, around birds. Now we see it more with construction sites... where they break ground for large buildings, and they'll notice ... an outbreak of respiratory illnesses and it gets determined it's histoplasmosis"; that "there is really no way to tell for any individual specifically whether their case of histoplasmosis was related to any particular exposure";

*817 Plaintiff's regular doctor's evidence that plaintiff had a long standing record of problems with breathing and coughing;
Repeated episodes of lung problems before the one-time probable exposure to the histoplasmosis fungus at work.
The hearing officer concluded that plaintiff "did not show, by a preponderance of the evidence, that the histoplasmosis, which he may be suffering from, was caused by his work"; that plaintiff's disease is only possibly, but not probably, work related.[2]
Notwithstanding that the trier of fact's discretion is great, Smith v. Louisiana Department of Corrections, 93-1305 (La. 2/28/94), 633 So.2d 129, and that the factfinder's choice between two permissible views of the evidence cannot be clearly wrong, Stobart v. State, 617 So.2d 880 (La.1993), "it was not [the supreme court's] purpose ... to mandate that the trial court's factual determinations cannot ever, or hardly ever, be upset." Ambrose v. New Orleans Police Dep't Ambulance Serv., 93-3099, 93-3110, 93-3112 (La. 7/5/94), 639 So.2d 216, 221. A reviewing court of appeal has a constitutional duty to review facts, though it
may not merely decide if it would have found the facts ... differently. Rather, notwithstanding ... that they might have,... the court of appeal should affirm the trial court where the latter's judgment is not clearly wrong or manifestly erroneous. Because the court of appeal has a constitutional function to perform, it has every right to determine whether the trial court verdict was clearly wrong based on the evidence, or clearly without evidentiary support.
Id. at 221.
R.S. 23:1031.1 provides workers' compensation benefits to persons disabled by occupational disease, thus defined by subsection (B) (before its amendment by Acts 1990 No. 943):
An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purposes of this Section.
There is a heart-related aspect to histoplasmosis, in that, in the very few individuals seriously affected by it, it can cause lung problems that can cause fluid to accumulate in the pericardial sac, as in congestive heart failure. In plaintiff's case, it appears that his lung-caused heart problems are the direct source of his disability.
We base our affirmation, however, on the hearing officer's exercise of his role as factfinder and his choice of one of two permissible inferences reasonably supported by the evidence, and upon the statutory definition of occupational disease.
Here, the evidence is that histoplasmosis spores are ubiquitous in the Mississippi valley and the histoplasmosis disease very endemic. The spores are present in ordinary soil in this region, and are carried by the wind; histoplasmosis is an airborne disease. Bird droppings support the spores better than ordinary Mississippi valley soil, however, because they are richer in nitrogen than ordinary soil.
The evidence on bird droppings might possibly permit an inference that plaintiff contracted histoplasmosis from the one occasion that he cleared pigeon nests from a customer's building. Yet that evidence does not invalidate the clearly permissible contrary inference that plaintiff's histoplasmosis (if he has it) was more probably contracted from the soil or the air in this Mississippi valley *818 region where histoplasmosis spores are ubiquitous and the disease is "very endemic."
Plaintiff's possible histoplasmosis was not shown to be "due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process or employment in which the employee is exposed to such disease," R.S. 23:1031.1(B), for the evidence is that histoplasmosis is a widespread, airborne disease in this area.
The judgment of the hearing officer is affirmed.
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The hearing officer also had a basis for finding a failure of proof of disability from histoplasmosis, from lay testimony that in fact plaintiff had done some work after separation from defendant Elco's employ, and from the absence of medical testimony of disability. It does appear that plaintiff is somewhat disabled, but the pre-existing lung problems, and the sparse evidence that plaintiff indeed has histoplasmosis, support the hearing officer's view that disability from histoplasmosis was not proved.